LEWIS TERRY, as Administrator, etc., of JENNIE A. TERRY, Deceased, Plaintiff, v. HUGH J. JEWETT, as Receiver of the Erie Railway Company, Defendant.

*Contributory negligence — when a question for the jury — damages for negligent killing — the property left by the deceased to the plaintiff is not to be considered in determining them.*

A station on defendant's road is situated south of the tracks, two in number, running east and west, and just east of a highway crossing them. While plaintiff was waiting there to take the passenger train going west, a freight train coming from that direction, and ringing its bell, ran by the station on the south track, at the rate of eight or ten miles an hour. Just before it arrived at the station, plaintiff's intestate started to cross the track to reach the passenger train, which had arrived on the north track, had slowed down, and then started up to reach a milk platform. As she crossed the south track she was struck by the engine of the freight train and killed.

*Held,* that the foregoing facts established negligence on the part of the railroad company.

That the question of plaintiff's contributory negligence was properly left to the jury, and that a verdict in her favor would not be set aside.

The question whether the plaintiff, under the circumstances of this case, was bound before crossing the track to look in both directions, considered.

The deceased was the daughter of the plaintiff and unmarried. She was about thirty-one years old and had accumulated some property. The defendant requested the court to charge that in estimating damages the jury might consider the fact that the plaintiff, as next of kin, would be entitled to the property left by the deceased.

*Held,* that the request was properly refused.

MOTION by defendant for a new trial on exceptions taken at the Erie Circuit, and ordered to be heard at the General Term in the first instance, after a verdict in favor of the plaintiff.

The action was brought to recover damages sustained by reason of the death of the plaintiff's intestate, caused, as alleged, by the negligence of the defendant's servants. The injury occurred at defendant's station at Darien, Genesee county, about noon of the 18th of April, 1876, where the intestate was waiting to take a passenger train for Buffalo.

There are two tracks upon defendant's road at that point, running in an easterly and westerly direction. The station is on the south side of the railroad. Just west of the station is a public highway, crossing the railroad. A freight train was coming from the west, on the south track, and, according to the uncontradicted testimony, its bell was ringing as it approached the highway. At the same time, the passenger train which the intestate was waiting for, then due, approached the station from the east, on the north track. The passenger train, after slacking its speed, as if to stop at the passenger station, started up, to reach the milk platform, a short distance further to the west. At that instant, and while the passenger train was yet moving slowly, the intestate, apparently not seeing or hearing the freight train, started from the station to go to the passenger train. She walked rapidly, in a northeasterly direction, and just as she stepped across the first rail of the south track, she was struck by the engine of the freight train, which was running, according to one of the plaintiff's witnesses, at the rate of eight or ten miles an hour, and she received injuries of which she died the next day.

The defendant's counsel moved for a nonsuit, upon the ground that no negligence was shown on the part of the defendant, and that it appeared that the negligence of the deceased contributed to the injury. The motion was denied and the defendant's counsel excepted.

The defendant's counsel requested the court to charge that it was the duty of the intestate to know that a train might be passing, and to act accordingly, but the court refused, and an exception was taken. The court did charge, however, that the deceased, in going from the station to the passenger train, for the purpose of taking passage upon it, was required to use that care, caution and prudence which ordinary people could be expected to use under like circumstances, so far as related to looking and listening for the train.

The defendant's counsel then requested the court to charge that it was the duty of the deceased, as she approached the track, to look and listen for the purpose of ascertaining whether a train was approaching, and if she failed to do so, the plaintiff could not recover, but the court refused to charge other than as above stated, and the defendant's counsel excepted.

The jury rendered a verdict in favor of the plaintiff for $4,000.

*Wm. H. Gurney* and *A. G. Rice*, for the plaintiff. The deceased had purchased a ticket at the company's depot, and was entitled to the protection of a passenger. She was entitled to safe conduct from the ticket office to the train. (*Phillips* v. *Sar. R. R. Co.*, 57 Barb., 644; *Curtiss* v. *Detroit and Mil. R. R. Co.*, 27 Wis., 158; *Gonzales* v. *N. Y. and H. R.*, 39 How., 407.) Courts have gone a long way to hold railroad companies liable for injuries at stations. (*Hulbert* v. *The N. Y. C. R. R. Co.*, 40 N. Y., 145; Lacey's Dig., 409–411; *Keating* v. *N. Y. C. and H. R. R. R. Co.*, 49 N. Y., 673; *Filer* v. *N. Y. C. R. R.*, id., 47.) The main question in this case is : Was the plaintiff's intestate guilty of such contributory negligence that she cannot recover in this action ? There was a conflict of evidence upon that question. We claim that the defendant's negligence consisted in running the freight train between the passenger depot and the passenger train at from eight to twelve miles per hour when the passengers were about to take passage ; that the deceased had the right to suppose that, when the passenger train arrived, it was safe to go to the train and get on board. She had a right to suppose that she could do this in safety. She was not required to look for swiftly moving trains between the passenger train and the ticket office. There

is a manifest difference between the care and caution required of the deceased in crossing this track from the ticket office to reach the train and that required at places where the street or road crosses the railroad track. Every case that requires the foot passenger to stop and listen before crossing a railroad track relates to a street or road crossing. (*Beisiegel* v. *N. Y. C. and H. R. R. R. Co.*, 34 N. Y., 622; *Ominger* v. *N. Y. C. and H. R. R. R.*, 4 Hun, 159, and a large number of cases cited in Lacey's Digest, p. 451, § 43; 2 Brightley's Digest, p. 2760, § 179.) No case can be found that requires a passenger taking the cars at a depot to look and listen for an approaching train. She had the right to suppose and act on the presumption that the defendant would itself act in accordance with the rights of both parties, and if she was injured while acting under this presumption, by the negligent act of the defendant, she was not guilty of contributory negligence. (*Newson* v. *N. Y. C. R. R. Co.*, 29 N. Y., 383; *Jetter* v. *N. Y. and Har. R. R. Co.*, 2 Keyes, 154; *Griffen* v. *N. Y. C. R. R. Co.*, 40 N. Y., 34; *Twomly* v. *The Cent. Park, North and East R. R. Co.*, 69 id., 158; *Eppendorf* v. *B. C. and N. R. R. Co.*, id., 195, and cases cited on page 196; *Filer* v. *N. Y. C. R. R. Co.*, 68 id., 124.) Parties waiting at a station to take the cars already stand in the relation of passengers, and are entitled to protection in that capacity. (Edwards on Bailment, § 698; *Gordon* v. *The Grand St. and N. R. R. Co.*, 40 Barb., 546; *Treux* v. *The Erie R. Co.*, 4 Lans., 198; *Packet Co.* v. *Clough*, 20 Wallace, 528.)

*E. C. Sprague*, for the defendant.

Smith, J.:

The testimony warranted the jury in finding, and we are to assume that they did find, that the engineer of the freight train not only knew that the passenger train was drawing up to the station, but that he deliberately attempted to pass the station before the passenger train should reach it and stop, and for that purpose he drove his train past the station upon the track between it and the passenger train, at a rate of speed not less than eight miles an hour. At the time of the arrival of the passenger train,

persons who were waiting at the station for the purpose of taking passage upon the train were there by the invitation of the defendant, express or implied, and it was the duty of the defendant to furnish them a convenient and safe way of access from the station to the train, and especially to take care that the usual way was not made dangerous or insecure by any act or omission of its own. As there was no way from the station to the passenger train, except across the south track, it was an act highly dangerous to passengers having occasion to enter or leave the passenger train at that station, to run the freight train past the station at the speed with which it was run, at the instant when the passenger train was about to stop there.

In the circumstances, the act, if not culpably willful, was grossly negligent; there was testimony tending to show that a freight train had never before passed that station when a passenger train was standing there, and it does not appear that anything was done at the station, by way of giving notice to persons waiting there that a freight train was then expected.

It is no answer to the charge of negligence to say that the bell upon the freight train was rung as required by statute. The statute requires the bell to be rung, or the whistle to be sounded, for a certain distance before coming to a crossing, as a notice to persons traveling in the highway at such crossing, and not as a warning to persons situated, as was the deceased in this case. To such, the mere fact of ringing the bell or sounding the whistle is not notice, nor has it the legal effect of notice, unless it is actually heard by them, or might have been heard (but for want of due care and attention on their part) in season to enable them, by reasonable diligence, to avoid the coming train. We are, therefore, prepared to hold that, so far as the question of the defendant's negligence is concerned, the verdict is well warranted and the case is free from error.

This brings us to the question of contributory negligence. The question, as presented by this case, is novel and not free from difficulty. That the intestate is to be regarded as a passenger cannot be doubted. The question whether she had bought a ticket was properly submitted to the jury, and was determined in the plaintiff's favor. Perhaps she might have been regarded

as a passenger even if she had not bought a ticket in advance. If she had taken passage on the train, she would have been liable to the defendant for the fare, whether she had a ticket or not. So that, even if she had no ticket when she left the station, yet if she intended in good faith to take passage upon the train, and was actually going to the train for that purpose, no reason is perceived why she should not be regarded as a passenger, unless the defendant had made and published a regulation that passengers should purchase tickets before entering the cars, of which there is no evidence. But although she was a passenger, having a right to cross the defendant's track in order to go from the station to the train, she could only do so at a proper time and with reasonable care for her own safety. There is evidence in the case that at the time when the deceased left the station the passenger train was in motion ; it had not stopped for passengers to get on. If she left the station before the train stopped, and while it was moving at such a rate of speed that it would have been dangerous and negligent for her to attempt to get upon it at the time when she would have reached it if she had not been interrupted, she acted prematurely, and her going upon the track at that point of time was not at the implied invitation of the defendant. Even if she supposed that the train was starting on its way, and that it would not stop to take up passengers, she would not have been justified in attempting to get upon the train while it was going at a rate of speed making it dangerous for her to do so, and if she had been injured in the attempt, it would have been the result of her own negligence. But the injury to the intestate was not the result of an attempt to get on a train in motion, and probably the question whether her action was premature, must turn upon the question whether, viewing the train from her standpoint, she had reason to suppose, and did suppose, that it was about leaving the station, and that by hastening to it she could reach it and get upon it safely. I suppose it is possible that a railroad train may be moving at such a moderate rate of speed as that an attempt to get upon it or leave it, while so moving, would not, under all circumstances, constitute negligence as matter of law. If these views are correct, it was for the jury to say, under proper instructions from the court, whether the movement

of the intestate towards the passenger train was premature.

There is nothing in the case to show but that the question was properly submitted to the jury, and we are to assume from the verdict that it was decided in the plaintiff's favor.

Assuming, then, that the intestate, when she undertook to go from the station to the train, did so upon the implied invitation of the company, the difficult question arises, whether in the manner and circumstances of her stepping upon the track, for that purpose, there was negligence which required the court to grant the defendant's motion for a nonsuit. That she did not see or hear the coming freight train cannot be doubted ; that she might have seen it if she had looked for it is apparent ; that it was seen and heard by others at the station is proved. The fact that the deceased had the implied invitation of the company to cross their track did not relieve her from the necessity of using care and precaution for her own safety. Even if the implied invitation to cross the track is to be regarded as an implied assurance on the part of the company that she could do so safely, she nevertheless would have had no claim against the defendant if she had knowingly placed herself in front of the advancing engine, or had shut her eyes and stopped her ears so that she could not know of its approach. So, too, if she wholly omitted to look or listen, through mere inattention or neglect, and was injured in consequence. But to hold that she was required to exercise the same degree of care and caution in crossing the track that is required of a traveler at a road crossing, would be to overlook the fact that she had an implied invitation from the company to cross the track, and the implied assurance of the company that she could do so safely. We are not prepared to say, as matter of law, that her omission to look or listen in order to discover whether by chance a train was coming was negligence. The evidence authorized the jury to find that when the intestate saw the passenger train hitch forward, before it had quite stopped, she supposed it was starting on its way to Buffalo ; that thinking it was necessary for her to hurry in order to get on, and that she could get on safely if she did hurry, she started immediately and walked rapidly towards the train ; that she was eagerly intent upon accomplishing her object ; that she supposed, with reason, that the way provided by the

company for passengers to go from the station to the train was safe; that she had no notice or intimation of the approach of the unexpected freight train; that she kept her eyes upon the train which she was endeavoring to reach, or the path along which she was hurrying; that her ears were filled with the sound of the bell upon the engine of the passenger train, which it is to be presumed was rung as the statute required; and that these and the other circumstances of the transaction, as disclosed by the evidence, accounted for her not seeing or hearing the freight train, and for her not looking in the direction from which it was coming. We think, therefore, that it was for the jury to say whether, in view of all the circumstances, the fact that she did not know of the approach of the train till she was struck by it, is satisfactorily accounted for without imputing to her such a degree of inattention or want of due care as constituted negligence.

We think also that the terms of the charge, in submitting the question of contributory negligence to the jury, furnish no just ground for exception. The judge declined to charge, as requested by the defendant's counsel, that the deceased was bound to know that a train might be passing and to act accordingly, but he charged that in coming out of the depot, and approaching the passenger train for the purpose of taking passage upon it, the intestate was required to use that care, caution and prudence which ordinary people would be expected to use under like circumstances, so far as related to looking and listening for the train. And when subsequently requested by the defendant's counsel to charge unqualifiedly that it was the duty of the deceased to look and listen, for the purpose of ascertaining whether a train was coming from the west, the judge declined, with good reason, as we think, to charge otherwise than he had done.

The only other question that need be adverted to, relates to the damages. The deceased was about thirty-one years of age, and had accumulated some property. She was unmarried, and the plaintiff was her father. The defendant's counsel asked the court to charge, that in estimating damages the jury might consider the fact that the plaintiff, as next of kin, would be entitled to the property of the deceased, by reason of her death. The court refused, and charged that the plaintiff could only recover for the

pecuniary injury that he had sustained by the death of the intestate. The request was but little less than asking the court to charge that the defendant, having benefited the plaintiff, by killing his daughter, and thus putting him in possession of her estate, is entitled to compensation for the service, in the shape of a reduction of the damages given by the statute. The request was properly refused.

The motion for a new trial should be denied and judgment ordered for the plaintiff on the verdict.

Present — TALCOTT, P. J., SMITH and HARDIN, JJ

Ordered accordingly.